MINK, A MINOR, APPELLEE, *v.* THE CINCINNATI STREET RY. CO., APPELLANT.

(No. 7884—Decided November 22, 1954.)

*Mr. Fred L. Hoffman, Messrs. Waite, Schindel & Bayless* and *Mr. Philip J. Schneider,* for appellee.
*Mr. Leo J. Brumleve, Jr.,* for appellant.

MATTHEWS, P. J. The plaintiff, Evelyn Mink, a minor four years of age at the time, was struck by defendant's bus on October 18, 1946, while it was proceeding in an easterly direction on Clark Street, a public street in the city of Cincinnati, Ohio. She was seriously injured. She filed this action on October 13, 1950, to recover damages on account of those injuries. After two mistrials, the case went to trial on October 20, 1953, on a second amended petition and an amended answer thereto.

The jury returned a verdict for the plaintiff for $20,000. A motion for a new trial was duly filed, which motion the court overruled and entered judgment on the verdict. This appeal is from that judgment. The appellant has assigned several errors in the trial, which it asserts were prejudicial and require a reversal of the judgment.

At the request of the plaintiff, the court gave this special charge before argument:

"The court charges you that if you find from a preponderance of the evidence that defendant's bus driver was negligent

in any respect as charged by the plaintiff, and which negligence caused Evelyn Mink to be injured, then your verdict should be for the plaintiff.''

The giving of this special charge is assigned as error because of the use of the word, ''caused,'' without expressly qualifying it by either the word, ''directly,'' or the word, ''proximately.'' It will be observed, however, that the negligence referred to is that ''charged by the plaintiff.'' An examination of the second amended petition upon which the parties went to trial discloses that she expressly alleged the injuries which she suffered ''were the direct result of the defendant's negligence.'' If her injuries were the direct result of the defendant's negligence then, of course, the defendant's negligence was the direct cause. They are simply transpositions of the same thought.

We are of the opinion that the charge was responsive to the pleadings, which the jury had with it during its deliberation. We do not think the jury could have been misled by it.

We are further of the opinion that at most the only criticism that could be leveled at this charge is that it was indefinite. We do not think that we would be justified in treating this charge as though it expressly stated that if the plaintiff's injuries were caused either directly or *remotely* by defendant's negligence she would be entitled to recover. Under any circumstances that would be a strained construction and certainly would not be the natural construction under the circumstances of this case.

Furthermore, any indefiniteness in this charge was completely removed by special charges given at the same time and, later, by the general charge.

Appellant's counsel relies on the rule that where two conflicting instructions are given prejudicial error necessarily results, because it cannot be determined which of the two was followed by the jury. As we have determined that this is not a case of conflicting instructions, we conclude that the cases relied upon are inapplicable.

We are of the opinion that no prejudicial error was committed in the giving of this special charge.

Next, it is urged that the court erred in excluding evidence

of certain municipal ordinances offered by the defendant. These ordinances regulated the sounding of gongs, the yielding of the right of way by pedestrains between cross-walks, the requiring of due care toward pedestrians by operators of vehicles between cross-walks, and the defining of cross-walks and intersections.

In considering this ruling it should be remembered that the plaintiff was a minor only four years of age, and under the law could not be charged with negligence based upon a failure to observe any common-law or municipal rule of conduct. It is urged, however, that the existence of these rules would in some way qualify the duty of the defendant in the operation of its bus. We fail to see anything in these ordinances that would reduce, affect, or qualify the degree of care required of the defendant or how the ordinances would constitute a circumstance to be considered in determining whether reasonable care had been exercised.

We are of the opinion that no prejudicial error was committed in excluding these ordinances.

Defendant requested the court to give two special charges defining the abstract duty of parents and custodians of children of tender years, and a third special charge applying this duty and instructing the jury that if the parents failed to perform their duty and thereby enabled the plaintiff "to go upon Clark Street unattended—and if you find that such conduct was contrary to the conduct of ordinarily prudent persons under the same or similar circumstances, then the parents or custodians were negligent; and if you find that they were so negligent, and that such negligence was the proximate cause of her injuries and not any negligence of the defendant, then the plaintiff cannot recover and your verdict must be for the defendant, The Cincinnati Street Railway Company."

There is no evidence in the record accounting for the plaintiff's presence in Clark Street unattended. She may have escaped her parents' control, despite their exercise of the utmost diligence. That would be a sufficient reason for the refusal of the court to give these charges.

Furthermore, the conduct of the parents—negligent or otherwise—could not be a proximate cause of this collision under any circumstances. How and why she was in Clark

Street unattended at the time is immaterial and irrelevant to the issues in this case. The giving of the charges would have injected an irrelevant issue and would have tended to confuse the jury.

We conclude that the court did not err in refusing to give these charges.

For the same reasons, the court did not err in striking from the amended answer to the second amended petition the allegation that the sole and proximate cause of the plaintiff's injuries was the parents' act in permitting the plaintiff to play unattended in Clark Street—a much traveled street.

The plaintiff in her second amended petition quoted Section 506-8 of the Ordinances of the City of Cincinnati, prescribing in many particulars the mode and manner of operating motor vehicles in and over its streets.

In its general charge the court referred to the plaintiff's claim that the defendant had violated this ordinance and, in that connection, said: "it is claimed that the defendant saw or should have seen Evelyn Mink in the street in time to stop the bus and avoid striking her." Shortly thereafter, the court quoted the entire first paragraph of that ordinance which is as follows:

"Section 506-8. No person shall operate a motor vehicle, trackless trolley or street car in and upon the streets or highways at a speed greater or less than is reasonable or proper, having due regard to the traffic, surface, and width of the street or highway and any other conditions then existing, and no person shall drive any motor vehicle, trackless trolley or street car in and upon any street or highway at a speed greater than will permit him to bring it to a stop within the assured clear distance ahead."

The court then said:

"With regard to that last provision of that section of the ordinance, the court says to you that if you find that this bus driver was, or in the exercise of ordinary care should have seen this child in the street and that he failed to stop his bus, then you would be warranted in concluding that he had violated that provision of the ordinance. On the other hand, if you conclude that he did not see this child, or in the exercise

of ordinary care could not have seen her because of the claim that she dashed into the street, then the court charges you that you would not be warranted in finding that the bus driver violated that provision of the ordinance.''

Later, the court instructed the jury as follows:

''This is a rather simple case, ladies and gentlemen, because there is only one of two conclusions at which you may arrive. One conclusion is that the defendant in this case was guilty of negligence; that such negligence was the proximate cause of the plaintiff's injuries, and in that event the plaintiff is entitled to recover; or you may conclude that the defendant was not guilty of negligence, and that this result, without regard to its severity, was brought about by the actions of this child herself, and that the defendant is not responsible therefor. If you come to that conclusion then your verdict should be for the defendant.''

It is claimed that the court erred in its statement of what conduct would constitute a violation of the ordinance—that it was not sufficient to show that the operator of the bus saw, or by the exercise of ordinary care should have seen, the plaintiff before the collision; but that it was necessary for the plaintiff to prove that the defendant saw or should have seen her long enough to stop and avoid striking her by the exercise of ordinary care in the operation of the bus.

It will be observed that that portion of the charge complained about relates to what the jury would be warranted in finding to be a violation of the ordinance. It may be assumed that the basis set forth would be insufficient for that purpose, although the court in the sentence that followed excluded the possibility of a finding of a violation of the ordinance if the plaintiff ''dashed into the street,'' thereby implying that time to avoid the collision was essential. There was no instruction that the jury should find for the plaintiff if the jury found the ordinance had been violated. At no point in the charge did the court instruct the jury that the violation of the ordinance would be negligence. In various special charges the court correctly instructed the jury on the assured clear distance principle, the burden of proof, proximate cause, and the duty of the defendant to exercise ordinary care, and finally submitted the issue

of reasonable care as the only issue for the jury's determination, other than the amount of recovery in the event it found that issue in the plaintiff's favor.

In this state of the record, we cannot say that the general charge contains affirmative prejudicial error.

Counsel also urges that the verdict is manifestly against the weight of the evidence. We have read the record and find the evidence conflicting on the circumstances surrounding this collision, from which evidence the jury was required to draw inferences as to its cause. If believed, there was ample evidence from which the jury could conclude that the collision was directly caused by the negligence of the defendant. We would not be justified in disturbing the finding of the jury on the credibility of the witnesses.

For these reasons, the judgment is affirmed.

*Judgment affirmed.*

HILDEBRANT, J., concurs.